IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAMIRO BANUELOS-VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION and**<br><br>**ORDER ON § 2255 PETITION**<br><br><br>Civil Case No. 2:15-cv-137-TC<br><br>Criminal Case No. 2:14-cr-110-TC |

Petitioner Ramiro Banuelos-Vasquez (Banuelos) pleaded guilty to a one-count indictment alleging a violation of 28 U.S.C. § 1326, reentry of removed alien. Mr. Banuelos has prior convictions in 1991 for conspiracy to deliver controlled substances. Those convictions are considered aggravated felonies and enhance sentencing guideline ranges. Mr. Banuelos exited the fast track program that would have lowered his sentencing guideline range by two levels and pled guilty to the allegations against him. The court nonetheless lowered the sentencing guideline range by two levels and sentenced Mr. Banuelos to serve a term of fifty-two months. Mr. Banuelos now moves the court to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

1

Proceeding pro se, Mr. Banuelos identifies three reasons why his motion should be granted: 1) his constitutional rights were violated, 2) he received ineffective assistance of counsel, and 3) the base offense level in the presentence report is incorrect and the resulting sentence enhancement was excessive.

The court recognizes that pro se litigants' pleadings should be more liberally construed than pleadings by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M. 113 F.3d 1170, 1173-74 (10th Cir. 1997).  But even under this more lenient standard, Mr. Banuelos' claims fail. For the reasons set forth below, Mr. Banuelos' motion to vacate, set aside, or correct his sentence is DENIED.

## ANALYSIS

### I. Violations of Constitutional Rights

Mr. Banuelos argues his constitutional rights were violated because a jury did not find elements of his offense that would increase his sentencing guideline range. He cites Apprendi v. New Jersey, 530 U.S. 466 (2000), for support. Second, Mr. Banuelos argues that facts that aggravate punishment must be proven by the prosecution and found by the jury, and he cites Alleyne v. U.S., 133 S. Ct. 2151, 2162 (2013), for support.

But Mr. Banuelos' argument fails on both counts. Apprendi states that prior convictions do not require proof beyond a reasonable doubt. 530 U.S. at 490. Mr. Banuelos is indeed correct on the second point regarding Alleyne. It is well-established that prosecutors must prove all elements of the crime and provide facts that either increase or decrease statutory limits for sentencing. But Alleyne specifically refers to jury trials. Under Alleyne, a jury must find these facts. By pleading guilty, Mr. Banuelos waived his right to a jury trial. (Tr. of Apr. 15, 2015

Change of Plea Hr'g (Change of Plea) at 6 (Docket No. 37 in Case No. 2:14-cr-110).) The court made sure Mr. Banuelos understood that he was waiving important rights that included a jury trial. (Id.) Mr. Banuelos assured the court that he understood that he was waiving these rights. (Id.) Mr. Banuelos then agreed to plead guilty. (Id.)

### II. Ineffective Counsel

To demonstrate ineffective counsel, a petitioner must establish 1) that his attorney's representation was deficient and 2) that he was prejudiced as a result of that deficiency. James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U. S. 668, 687 (1984)).  The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

Mr. Banuelos alleges he received ineffective counsel. Yet the record belies such allegations. Mr. Banuelos was asked directly if he was satisfied with his attorney and whether he thought his attorney had done well for him. (Change of Plea 9.) Mr. Banuelos replied yes to both questions. (Id.) Moreover, Mr. Banuelos alleges no facts that would lead the court to conclude defense counsel committed serious errors in light of prevailing professional norms, and that there is a reasonable probability that the outcome would have been different had those errors not occurred. Strickland, 466 U.S. at 694.

Further, the record indicates that Mr. Banuelos was well represented. When the court stated that it was considering sentencing Mr. Banuelos at the high end of the guideline range because of numerous prior domestic abuse allegations, Mr. Crayk, Mr. Banuelos' defense counsel for the sentencing hearing,[1] reminded the court that there had been no convictions regarding those allegations. (Tr. of Apr. 20, 2015 Sentencing Hr'g at 10 (Docket No. 39 in Case No. 2:14-cr-110).) Mr. Crayk also stated that he and the prosecutor recommended a sentence at the low end of the range.

### III. Excessive Sentence

Mr. Banuelos also argues that he did not comprehend that his sentence would be so severe. Again, the record is clear that the court made sure Mr. Banuelos was aware his sentence could be as severe as twenty years. Mr. Banuelos stated he understood. (Change of Plea 12.) The court also made it clear that no one could provide any guarantee about the length of the sentence. (Id.) Mr. Banuelos again indicated he understood. (Id.) Mr. Banuelos' sentencing guideline range was between forty-six to fifty-seven months. The court sentenced Mr. Banuelos to fifty-two months. Because Mr. Banuelos' sentence is within the sentencing guideline range, the sentence is not excessive.

For the reasons stated above, Mr. Banuelos' motion is DENIED.

DATED this 15 day of July, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

[1] Mr. Rice was Mr. Banuelos' defense attorney for the Change of Plea hearing. The record shows Mr. Rice also provided effective assistance to Mr. Banuelos.